IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BILLY WAYNE OWENS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-235 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner BILLY WAYNE OWENS has filed with this Court a petition for a writ of habeas corpus challenging a disciplinary proceeding. The proceeding, number 20100038185, took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner indicated he remains incarcerated at the Clements Unit pursuant to a 1994 conviction out of Lubbock County, Texas for burglary of a habitation and resultant seventy-five-year sentence. Petitioner claims he is eligible for mandatory supervised release and lost ninety days of good-time credits as a result of the disciplinary proceeding. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. The statute of limitations is applicable to a prison disciplinary proceeding, and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is

used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Any appeal filed pursuant to the Texas Department of Criminal Justice grievance procedure tolls the statute of limitations period the grievance is timely filed. *Id.*

In this case, petitioner indicates the date of the guilty determination in his disciplinary case was October 12, 2009. This day serves as the factual predicate date for federal habeas corpus purposes. *See id.* Owens indicates his Step 1 Grievance was denied on or about November 9, 2009 and his Step 2 grievance was denied on or about December 9, 2009. Petitioner's federal habeas corpus application was not filed until September 26, 2011. Thus, even in the most lenient application of pertinent caselaw, petitioner is time barred by more than one year. *See id.*; 28 U.S.C. § 2244(d).

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BILLY WAYNE OWNES be DISMISSED as time barred.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of October, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).